UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY LESHEWN EDWARDS,

    Petitioner,

v.

MATT MACAULEY,
*Warden,*

    Respondent.

Case No. 22-11554
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING
PETITIONER'S MOTION TO STAY [1]**

    In 2017, Terry Edwards was convicted in Michigan state court of first-degree murder and armed robbery, among other things. (ECF No. 2, PageID.13.) After pursuing appeals without success, he filed a petition for habeas corpus in this Court. (*Id.* at PageID.13–16.) Edwards says that the seven claims in his petition are properly exhausted. (*Id.* at PageID.26.) But Edwards also says he has new, unexhausted claims. He explains that his private investigator obtained his "homicide file," which apparently contained undisclosed *Brady* material that supports these new claims. (ECF No. 1, PageID.2.)

    For now, Edwards asks the Court to stay his habeas petition while he exhausts these new claims in state court. (*Id.*) And he says that failing to stay his petition could result in his claims being barred by the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations. (*Id.*)

    For the reasons that follow, the Court will grant Edwards' request.

Currently, Edwards' habeas corpus petition contains only exhausted claims, so the Court could adjudicate it immediately. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (citing *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 80 (1st Cir. 2002)). But this Court has exercised its discretion to stay fully-exhausted petitions before. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015); *Koonce v. Jackson*, No. 20-CV-11679, 2020 WL 8717111, at *2 (E.D. Mich. Aug. 31, 2020); *Willis v. Trierweiler*, No. 17-10390, 2018 WL 11313800, at *1 (E.D. Mich. May 31, 2018); *Winstanley v. Stewart*, No. 15-CV-11475, 2016 WL 465499, at *2 (E.D. Mich. Feb. 8, 2016).

The decision of whether to stay a petition is informed by a limited set of factors. *See Thomas*, 89 F. Supp. 3d at 943. "Chief among these considerations is the apparent merit of the unexhausted and exhausted claims and, relatedly, whether this Court would benefit from a state-court ruling on the unexhausted claims." *See Winstanley*, 2016 WL 465499, at *2. Here, because Edwards claims to have uncovered new evidence, the Court cannot say that the new claims are "plainly meritless[.]" *See Koonce*, 2020 WL 8717111, at *2 (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)). And if this case proceeded in parallel with Edwards' post-conviction proceedings, it would risk "wasting judicial resources if the state court might grant relief on the unexhausted claim." *See Winstanley*, 2016 WL 465499, at *2.

Another significant factor is the statute of limitations. *See Willis*, 2018 WL 11313800, at *1. Under AEDPA, a one-year limitations period applies to a petition for habeas corpus. 28 U.S.C. § 2244(d)(1)(A). The clock starts running from the latest

2

of several dates; here, apparently, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The Michigan Supreme Court denied leave to appeal on March 30, 2021, and Edwards then had 90 days to seek certiorari from the United States Supreme Court before his conviction became "final" under § 2244(d)(1)(A). So the one-year clock started running in late June 2021. *See, e.g., Johnson v. Rapelje*, 542 F. App'x 453, 454 (6th Cir. 2013). Edwards filed his habeas petition in late June 2022.[1] (ECF No. 2, PageID.36.) And Edwards' clock has since run out. *See Duncan v. Walker*, 533 U.S. 167, 173 (2001) (while a habeas corpus petition is pending before a federal court, statutory tolling is unavailable); 28 U.S.C. § 2244(d). The upshot is that once Edwards exhausts his additional claims, he will be time-barred from filing a successive petition. *See Mayle v. Felix*, 545 U.S. 644, 654–55 (2005).

Considering all of these factors, the Court GRANTS Edwards' motion to stay and hold his habeas corpus petition in abeyance. (ECF No. 1.) Edwards must file a motion for relief from judgment in state court within 60 days of entry of this order (if he has not already). He must then immediately file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself. If he fails to timely notify the Court that he has sought state-court post-conviction relief, the Court will proceed to adjudicate the petition as it stands.

---

[1] Though the habeas petition was filed on the docket on June 30, 2022, the Court assumes that Edwards filed it on June 28, 2022, the date that it was signed and dated. *See Towns v. United States*, 190 F. 3d 468, 469 (6th Cir. 1999).

Within 60 days after the conclusion of the state post-conviction proceedings, Edwards must move to amend his habeas petition to add his new claims.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of Edwards' habeas petition. *See Thomas*, 89 F. Supp. 3d at 943–44.

SO ORDERED.

Dated: January 31, 2023

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE